FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 3 0 2011

GREGORY C. LANGHAM

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| Abdul Karim Hassan, | Civ. Action #: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| -v- | |
| The State of Colorado, and Scott Gessler, In his official capacity as Secretary of State of the State of Colorado, | |
| Defendant. | '11 ⌐ CV − 03116-WSM-MJW |

Plaintiff, Abdul Karim Hassan, pro se, ("Plaintiff" or "Hassan"), complaining of Defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, a naturalized American citizen and a candidate for the Presidency of the United States seek a judgment: 1) declaring that the Colorado statute at C.R.S. § 1-4-303, is in whole or in part invalid under the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution because of its "natural born" requirement; and 2) declaring that the natural born provision of the Constitution is incompatible with and has been trumped, abrogated and implicitly repealed by the equal protection guarantee of the Fifth and Fourteenth Amendments, as well as the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment; and 3) declaring that the conduct of the Colorado Secretary of State in refusing to accept a Candidate Statement of Intent for President from Plaintiff because of his national origin, violates the Equal Protection Clause, the Citizenship Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment of the United States Constitution; 4) enjoining the Colorado Secretary of State and the State of Colorado from discriminating against Plaintiff because of his national origin and/or status as a naturalized American citizen concerning or relating to access to the Presidential election ballot in Colorado; 5) awarding Plaintiff costs and attorney's fees; and 6) granting Plaintiff such other, further and different relief as the Court deems just and proper.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves questions of federal law.

3. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b).

4. This Court is empowered to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff Abdul Karim Hassan ("Plaintiff" or "Hassan") is an adult individual over the age of eighteen years currently residing in Queens County in the State of New York.

6. Plaintiff Hassan is a 2012 candidate for the Presidency of the United States.

7. Defendant Scott Gessler is the Secretary of State of the State of Colorado who administers Colorado's election laws and is responsible for and administers the process of placing candidates on the presidential ballot in Colorado and is located at: Colorado Department of State, 1700 Broadway, Denver, CO 80290.

8. The State of Colorado is one of the States that comprise the United States of America. The State is represented by its Attorney General located at: 1525 Sherman St., Denver, Colorado 80203.

## STATEMENT OF FACTS

9. Petitioner Abdul Karim Hassan was born in 1974 in the country of Guyana.

10. Petitioner's race is East Indian.

2                                    2

11.    Petitioner is a naturalized American citizen who was naturalized within the United States

and took the oath of citizenship at a United States District Court in New York City.

12.    Petitioner satisfies all of the constitutional requirements for holding the Office of

President of the United States except the requirement of natural born status. See U.S.

Constitution, Article II, Section 1, Clause 5 ("Natural Born Clause").

13.    In March 2008, petitioner announced his candidacy for the Presidency of the United

States through his presidential website at www.abdulhassanforpresident.com.

14.    Petitioner is currently focused on the 2012 presidential elections but if he is not

successful in 2012, petitioner intends to continue his current campaign without

interruption until the next presidential elections in 2016.

15.    Since the announcement of his candidacy in March 2008, petitioner has used and will

continue to use without interruption, his presidential website in much the same way as the

leading presidential candidates – to promote and communicate his candidacy, issue

positions and campaign to voters and the public.

16.    Plaintiff has also been communicating this message to the American public through

Youtube.com.

17.   In order to compliment and improve the use of the website, petitioner has purchased and paid for a national presidential advertising campaign through Google. This advertisement has been running and will continue to run and it links to petitioner's presidential website.

18.   In addition, petitioner has done interviews with and has been covered by both print and broadcast media.

19.   Petitioner's presidential candidacy and campaign have also been covered widely on the internet as a quick online search will reveal.

20.   This growth in petitioner's presidential campaign and candidacy has resulted in thousands of hits each month to petitioner's presidential website from all across the country and the growth continues.

21.   Petitioner will continue to build on this initial success and continue to promote his candidacy and ideas to more and more voters in Colorado and across the country.

22.   Since announcing his presidential candidacy in March 2008, petitioner has paid annual registration fees for his presidential website domain names, and in addition, petitioner has paid monthly fees to host and operate his presidential website. Petition has also been paying monthly fees for a nationwide advertising campaign that links to petitioner's presidential website. Petitioner has also expended time and effort in developing the site's infrastructure and content.

23.    On September 2, 2011, the Federal Election Commission ruled that plaintiff as a

naturalized American citizen running for President of the United States is covered by the

Federal Election Campaign Act ("FECA") and related laws and that plaintiff is required

to comply with the record-keeping, expenditure and other requirements of the federal

election laws and plaintiff has been and will continue to spend money, time and effort to

comply with these requirements. (See FEC ruling at

http://www.abdulhassanforpresident.com/fec)

24.    In July 2011, plaintiff sought a ruling from Defendants as to whether his status as a

naturalized American citizen will prevent him from being placed on the Colorado

presidential ballot.

25.    By letter dated August 12, 2011, Defendants responded to Plaintiff's request and ruled

that, "Any individual who submits a candidate statement of intent for President and fails

to check the boxes affirming his or her eligibility, or who affirmatively discloses that he

or she does not meet the constitutional qualifications for the office, will not be placed on

the ballot in Colorado." (See Exhibit 1).

26.    The first legally required step to gain access to the Colorado presidential ballot is to file a

Candidate Statement of Intent under penalty of perjury. (Ex. 1).

27.   Defendant Gessler has invoked the Colorado statute at C.R.S. § 1-4-303, in declaring that he will not accept a filing of a Candidate Statement of Intent from Plaintiff because Plaintiff is not a natural born citizen. (Ex. 1).

28.   Because Plaintiff is not a natural born citizen, he cannot sign the required statement of intent under oath as required by Defendants because to do so would constitute a crime and would be false.

29.   Because of Defendants' use of C.R.S. § 1-4-303 and their refusal to accept a filing of a Candidate Statement of Intent for President (Ex. 1) from Plaintiff because he is a naturalized citizen, Plaintiff has been prevented from filing his Candidate Statement of Intent for President, and as a result, has been denied any chance of getting on the presidential ballot in the State of Colorado unless Plaintiff prevails in this lawsuit.

30.   Plaintiff has the filing fee ready and if he wins this case, he will immediately execute and file the Candidate Statement of Intent for President with the Colorado Secretary of State office along with the filing fee.

## AS AND FOR A FIRST CAUSE OF ACTION
### U. S. Constitution, 14th and 5th Amendments & Article II, Section 1, Clause 5

31.   Plaintiff incorporates the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

6                                      6

32.   The Citizenship Clause of the Fourteenth Amendment, Section 1, states in relevant part that :

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside.

33.   The Privileges and Immunities Clause of the Fourteenth Amendment, Section 1, states in relevant part that :

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States

34.   The Equal Protection Clause of the Fourteenth Amendment, Section 1, states in relevant part that :

> No state shall … deny to any person within its jurisdiction the equal protection of the laws.

35.   The Colorado statute which Defendant Gessler has interpreted as containing a "natural born" requirement (See Ex. 1) is contained at C.R.S. § 1-4-303 and states in relevant part that:

> No later than one hundred fifty-five days before the general election, a person who desires to be an unaffiliated candidate for the office of president or vice president of the United States shall submit to the secretary of state either a notarized candidate's statement of intent together with a nonrefundable filing fee of five hundred dollars or a petition for nomination pursuant to the provisions of section 1-4-802 and shall include either on the petition or with the filing fee the names of registered electors who are thus nominated as presidential electors. The acceptance of each of the electors shall be endorsed as appended to the first or last page of the nominating petition or the filing fee.

36.   Given that the Colorado statute at C.R.S. § 1-4-303, as interpreted by the Colorado Secretary of State (See Ex. 1) discriminates against Plaintiff because of his status as a naturalized citizen – his national origin, the statute violates Plaintiff's rights under the

Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities

Clause of the Fourteenth Amendment. See <u>United States v. Virginia</u>, 518 U.S. 515, 532 n.

6 (1996) (noting that "[t]he Court has thus far reserved most stringent judicial scrutiny for

classifications based on race or national origin"). See also <u>Afroyim v. Rusk,</u> 387 U.S.

253, 262 (1967) (stating without exception as to presidential eligibility that, "(The

naturalized citizen) becomes a member of the society, possessing all the rights of a native

citizen, and standing, in view of the constitution, on the footing of a native."

37.   In refusing to accept a filing of a Candidate Statement of Intent for President from

Plaintiff, Defendants stated in relevant part that (Ex. 1):

> Dear Mr. Hassan:
>
> We are in receipt of your letter dated July 18, 2011, in which you inquire about accessing the ballot in Colorado as a candidate for President. You stated that you meet all of the constitutional requirements for holding the office of President except that you are not a natural born citizen.
>
> In Colorado, an individual may have his or her name placed on the ballot as an unaffiliated candidate for President by submitting a notarized candidate's statement of intent and a filing fee of$500 (Section 1-4-303, C.R.S.). I am enclosing a copy of the statement of intent for unaffiliated Presidential candidates. As you can see from the form, any unaffiliated individual seeking access to the Presidential ballot must specifically affirm that he or she meets each of the constitutional qualifications for the office of the President as outlined in Article II, Sec. I, Clause 5 of the U.S. Constitution: I) 35 years or older, 2) at least a 14-year resident within the United States, and 3) a natural-born citizen of the United States.
>
> The Secretary of State is responsible for ensuring that only eligible candidates are placed on the ballot, and must give effect to applicable federal and state law unless a court has held such law to be invalid. To our knowledge, no court has held that any of the qualifications for the office of President as outlined in the U.S. Constitution are invalid. Consequently, our Office must give effect to those requirements. Any individual who submits a candidate statement of intent for President and fails to check the boxes affirming his or her eligibility, or who

8                              8

affirmatively discloses that he or she does not meet the constitutional qualifications for the office, will not be placed on the ballot in Colorado.

I hope you find this response helpful, please do not hesitate to contact our Office if we can be offer assistance.

38. Defendants, in refusing to accept a required filing of the Candidate Statement of Intent for President from Plaintiff because of his national origin and status as a naturalized American citizen (See Exhibit 1), violated and are violating Plaintiff's rights under the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment. See Afroyim v. Rusk, 387 U.S. 253, 262 (1967).

39. The natural born clause of the Constitution, including the invidious national origin discrimination contained therein, is irreconcilable with and is trumped, abrogated and implicitly repealed by the Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of the Fourteenth Amendment as well as the Equal Protection guarantee of the Fifth Amendment – all of which prohibit such national origin discrimination. See McDonald v. City of Chicago, Ill. 130 S.Ct. 3020, 3060 (2010), ("[invidious discrimination is] irreconcilable with the principles of equality, government by consent, and inalienable rights proclaimed by the Declaration of Independence and embedded in our constitutional structure."). See also Adarand v. Pena, 515 U.S. 200, 213 (1995), reiterating that, "[d]istinctions between citizens solely because of their ancestry are by their very nature odious to a free people whose institutions are founded upon the doctrine of equality."

40.   The U.S. Supreme Court has also described its decision in <u>Dred Scott v. Sandford</u>, 60

U.S. 393 (1857), to choose constitutional discrimination over constitutional equality as a

great "self-inflicted wound[1]." <u>South Carolina v. Regan</u>, 465 U.S. 367, 412 (1984).

41.   Upholding the invidious discrimination in the Natural Born Clause in light of the equal

protection guarantees of the Fourteenth and Fifth Amendments, will be another great

"self-inflicted wound." Plaintiff is therefore entitled to the declaratory and injunctive

relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

42. Declare that the Colorado statute at C.R.S. § 1-4-303 is in whole or in part invalid under the
Equal Protection Clause, the Citizenship Clause and the Privileges and Immunities Clause of
the Fourteenth Amendment of the United States Constitution because of its "natural born"
requirement;

43.  Declare that the natural born provision of the U.S. Constitution has been trumped, abrogated
and implicitly repealed by the Equal Protection guarantees of the Fifth and Fourteenth
Amendments, as well as the Citizenship Clause and the Privileges and Immunities Clause of
the Fourteenth Amendment;

44. Declare that the conduct of the Colorado Secretary of State in refusing to accept a filing of
declaration of candidacy for president from Plaintiff because of his national origin, violates
the Equal Protection Clause, the Citizenship Clause, and the Privileges and Immunities
Clause of the Fourteenth Amendment of the United States Constitution;

---

[1] See http://www.supremecourt.gov/publicinfo/speeches/sp_03-21-03.html - In reference to the Dredd Scott
decision, then Chief Justice Rehnquist said in a 2003 speech that 'It was rightly referred to by a later Chief Justice as
a "self-inflicted wound" from which it took the Court at least a generation to recover.

45. Enjoin the Colorado Secretary of State and the State of Colorado from discriminating against Plaintiff because of his national origin and/or status as a naturalized American citizen concerning or relating to access to the Presidential election ballot in Colorado;

46. Award Plaintiff costs and attorney's fees; and

47. Grant Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens, New York**
**November 28, 2011**

Respectfully submitted,

Abdul K. Hassan, Esq.
*Plaintiff, Pro Se*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Email: abdul@abdulhassan.com

11                                        11

# EXHIBIT 1

**STATE OF COLORADO**
**Department of State**
1700 Broadway
Suite 200
Denver, CO 80290



**Scott Gessler**
**Secretary of State**

**Judd Choate**
**Director, Elections Division**

August 12, 2011

Abdul K. Hassan
215-28 Hillside Avenue
Queens Village, New York 11427

*Via email delivery*

RE: Your inquiry regarding Presidential ballot access for a naturalized citizen

Dear Mr. Hassan:

We are in receipt of your letter dated July 18, 2011, in which you inquire about accessing the ballot in Colorado as a candidate for President. You stated that you meet all of the constitutional requirements for holding the office of President except that you are not a natural born citizen.

In Colorado, an individual may have his or her name placed on the ballot as an unaffiliated candidate for President by submitting a notarized candidate's statement of intent and a filing fee of $500 (Section 1-4-303, C.R.S.). I am enclosing a copy of the statement of intent for unaffiliated Presidential candidates. As you can see from the form, any unaffiliated individual seeking access to the Presidential ballot must specifically affirm that he or she meets each of the constitutional qualifications for the office of the President as outlined in Article II, Sec. 1, Clause 5 of the U.S. Constitution: 1) 35 years or older, 2) at least a 14-year resident within the United States, and 3) a natural-born citizen of the United States.

The Secretary of State is responsible for ensuring that only eligible candidates are placed on the ballot, and must give effect to applicable federal and state law unless a court has held such law to be invalid. To our knowledge, no court has held that any of the qualifications for the office of President as outlined in the U.S. Constitution are invalid. Consequently, our Office must give effect to those requirements. Any individual who submits a candidate statement of intent for President and fails to check the boxes affirming his or her eligibility, or who affirmatively discloses that he or she does not meet the constitutional qualifications for the office, will not be placed on the ballot in Colorado.

I hope you find this response helpful, please do not hesitate to contact our Office if we can be of further assistance.

Sincerely,

Judd Choate, Director
Elections Division

Encl.

| | | | | |
|---|---|---|---|---|
| Main Number | (303) 894-2200 | | TDD | (303) 869-4867 |
| Administration | (303) 860-6900 | | Web Site | www.sos.state.co.us |
| Fax | (303) 869-4860 | | E-mail | public.elections@sos.state.co.us |

# Candidate Statement of Intent for President

Complete, sign, and return this form to the Colorado Secretary of State.  Please type or print legibly.

Office Use Only:

## Office Information
**This is to certify that I declare the intent to be a candidate in the General Election as an unaffiliated Presidential Candidate**

Date of General Election _____     Name of Political Organization (if applicable) _____

### Qualifications for Office *(You must check each box to affirm that you meet all qualifications for this office)
☐ Age of thirty five Years     ☐ Been 14 Years a Resident within the United States     ☐ Natural born Citizen

## Candidate Information

**Name exactly as it will appear on the official ballot** _____

### Residence & Mailing Address

Residence Street Address _____     Apt/Unit _____

City _____     State  CO     Zip Code _____

Mailing Street Address _____     Apt/Unit _____

City _____     State _____     Zip Code _____

### Telephone & E-mail Address

Business Phone # _____     Extension _____

Residence Phone # _____     E-mail Address _____

### Registration Information

Date of Birth _____     County of Registration _____

Party Affiliation _____     Date of Affiliation _____

Enclosed is a check in the amount of $500.00 made payable to the Secretary of State to cover the non-refundable filing fee pursuant to C.R.S. 1-4-303.

## Signature

### Applicant's Affirmation
*I hereby intend to run for the office stated above and solemnly affirm under penalty of perjury that I meet all qualifications for the office prescribed by law. Furthermore, I certify that the information provided on this form is, to the best of my knowledge, true and correct.*     [seal]

_____     _____
Signature of Candidate                 Date of Signing

STATE OF COLORADO          )
                           ) ss.
COUNTY OF _____   )

Subscribed and sworn to before me this _____ day of _____, 20____  by _____
                                        Day        Month        Year        Printed name of Candidate Above

Signature (and Title) of Notary / Official Administering Oath _____

My Commission Expires: _____



**Colorado Secretary of State**
1700 Broadway, Suite 200
Denver, Colorado 80290
Phone: (303) 894-2200
Fax: (303) 869-4861
Email: sos.elections@sos.state.co.us

Print Form

SOS Revised February 9, 2010
C.R.S. 1-4-303