**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

| | |
|---|---|
| ABDUL KARIM HASSAN,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>THE STATE OF COLORADO;<br>SCOTT GESSLER, in his official<br>capacity as Secretary of State of the<br>State of Colorado,<br><br>    Defendants-Appellees. | No. 12-1190<br>(D.C. No. 1:11-CV-03116-MJW)<br>(D. Colo.) |

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

    Abdul Karim Hassan is a naturalized citizen who wishes to run for the Presidency of the United States. This even though the Constitution says "[n]o person except a natural born Citizen . . . shall be eligible to the Office of President."

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S. Const. art. II, § 1, cl. 5. After the Colorado Secretary of State informed him that his ineligibility for office precluded his placement on the ballot, Mr. Hassan brought this lawsuit asserting that the natural-born-citizen requirement, and its enforcement through state law barring his access to the ballot, violates the Citizenship, Privileges and Immunities, and Equal Protection Clauses of the Fourteenth Amendment. The magistrate judge heard the case on consent of the parties and eventually concluded that the Fourteenth Amendment did not affect the validity of Article II's distinction between natural-born and naturalized citizens. *See Hassan v. Colorado*, ___ F. Supp. 2d ___, 2012 WL 1560449 (D. Colo. 2012); *see also Hassan v. New Hampshire*, No. 11-cv-552-JD, 2012 WL 405620 (D.N.H. Feb. 8, 2012) (reaching same conclusion in Hassan's challenge to exclusion from New Hampshire ballot). The magistrate judge granted summary judgment to defendants and Mr. Hassan appealed.

We affirm. We discern no reversible error in the magistrate judge's disposition and see little we might usefully add to the extensive and thoughtful opinion he issued. To be sure, Mr. Hassan contends the magistrate judge overlooked one aspect of his claim. Mr. Hassan insists his challenge to Colorado's enforcement of the natural-born-citizen requirement did not depend exclusively on invalidation of Article II by the Fourteenth Amendment. Even if Article II properly holds him ineligible to *assume the office* of president, Mr. Hassan claims it was still an unlawful act of discrimination for the state to deny him *a place on the ballot*. But, as the

magistrate judge's opinion makes clear and we expressly reaffirm here, a state's legitimate interest in protecting the integrity and practical functioning of the political process permits it to exclude from the ballot candidates who are constitutionally prohibited from assuming office.  *See generally Munro v. Socialist Workers Party*, 479 U.S. 189, 193-95 (1986); *Bullock v. Carter*, 405 U.S. 134, 145 (1972).

    The judgment of the district court is affirmed.  Appellant's motion for publication is denied.

                                       Entered for the Court

                                       Neil M. Gorsuch
                                       Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

September 04, 2012

Douglas E. Cressler
Chief Deputy Clerk

Mr. Abdul Karim Hassan
Law Office of Abdul K. Hassan, Esq.
215-28 Hillside Avenue
Queens Village, NY 11427

RE:   12-1190, Hassan v. The State of Colorado, et al
      Dist/Ag docket: 1:11-CV-03116-MJW

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 18 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc: Matthew D. Grove

EAS/lg